# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>MARTIN BITER, et.al.,<br><br>　　　　Respondents. | Case No.:12-cv-01634-LJO-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 4, 2012. The Court finds the petition must be dismissed.

In the past year, the Petitioner has filed three separate habeas corpus petitions in this Court in case numbers 1:11-cv-2050-BAM (HC), 1:12-cv-0450-SKO (HC), and 1:12-cv-01352-AWI-DLB (HC), of which the Court takes judicial notice.[1]

On February 10, 2012, case number 11-cv-2050-BAM (HC) was dismissed, after an order to show cause issued for failure to state a cognizable claim and the Clerk of Court was directed to send Petitioner a standard form for complaints filed pursuant to 42 U.S.C. § 1983.

On August 8, 2012, case number 1:12-cv-0450-SKO (HC) was dismissed for failure to state a cognizable claim.[2]

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

On December 6, 2012, case number 1:12-cv-1352-AWI-DLB (HC) was dismissed for failure to state a cognizable claim.[3]

In the instant petition, filed on October 4, 2012, Petitioner challenges the dismissal issued in case number 1:12-cv-0450-SKO (HC) on the basis that the United States Court of Appeal for the Ninth Circuit issued an order on August 8, 2012, dismissing his application for leave to file a second or successive petition, without prejudice to file a motion for leave to amend the habeas petition in that case.[4] However, in case number 1:12-cv-0450-SKO (HC), Findings and Recommendations had been issued on June 19, 2012, and the case was dismissed on August 8, 2012 by the district judge-the same date the Ninth Circuit issued its order dismissing the application to file a second or successive petition without prejudice. Because Findings and Recommendations had already been issued and the case was dismissed on August 8, 2012, amendment to the petition was not authorized as of that date. Cf. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (declining to consider claim raised for the first time in traverse). It was thoroughly explained in the Findings and Recommendations that the petition for writ of habeas corpus did not state a cognizable constitutional challenge and relief was foreclosed under 28 U.S.C. § 2254. This petition fails to state a cognizable claim and must be dismissed.

Even if this court were to construe this petition as an amendment to the prior petition in case number 1:12-cv-0450-SKO (HC), such showing could not and was not made. In this instance, Petitioner's sole challenge is to the magistrate judge's ruling on the merits of his claims and amendment would have been denied on that basis. (Pet. at 5-6.); see Woods v. Carey, 525 F.3d 886, 889 (9th Cir. 2008) ("the decision to grant a motion to amend is committed to the sound discretion of the district court" and "the district court may deny that leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." (citing Ching v.

---

[2] The district judge adopted the Findings and Recommendation issued by the magistrate judge on June 19, 2012.
[3] The district judge adopted the Findings and Recommendation issued by the magistrate judge on October 10, 2012.
[4] At this time, case number 1:11-cv-2050-BAM (HC) had been dismissed on February 10, 2012, and case number 1:12-cv-1352-AWI-DLB (HC) had not yet been filed.

United States, 298 F.3d 174, 180 (2d Cir. 2002); see also Beaty v. Schriro, 554 F.3d 780 (9th Cir. 2009) (denial of leave to amend after the district court had acted on it). Amendment need not be granted if there is no tenable claim for relief that may be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that;

1. The instant petition for writ of habeas corpus be DISMISSED; and
2. The Clerk of Court be directed to terminate this action.

These proposed findings of fact and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 9, 2013**          **/s/ Stanley A. Boone**
                                    UNITED STATES MAGISTRATE JUDGE